Donald William Park
311 Via Capri
Hemet, California 92545
951-390-4160
Voucho6116@Yahoo.Com

FILED
CLERK, U.S. DISTRICT COURT
APR 2 2 2024
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

FEE PAID

In The United States District Court

Central District of California

Case No.: EDCV24-00844 KK SPx

DONALD W. PARK

    Plaintiff

vs.

UNITED STATES,
AND
SECRETARY OF THE NAVY,
CARLOS DEL TORO

    Defendant

Petition For Writ Of Mandamus To The Secretary Of The Navy And Others, And A Complaint For Civil Rights Violations By The Secretary Of The Navy And Others, And A Request For The Other Findings and Orders Stated Herein.

1

## TIME IS OF THE ESSENCE

For cost and convenience purposes, Donald seeks a meeting with Defendant and the Board of Correction of Naval Records sometime during the first three weeks of July 2024.

Now comes Plaintiff, DONALD W. PARK ("Donald") with his Petition for a Writ of Mandamus directed to the SECRETARY OF THE NAVY, CARLOS DEL TORO, and Donald's Complaint for civil rights violations by the Secretary of the Navy, and his request for the other finding and orders requested herein.

Donald further complains herein that by refusing him a personal appearance before the Board of Correction of Naval Records ("Board") to plead his case, the above-named **defendants violated Donald's civil rights and constitutional rights on five separate occasions** by refusing Donald his guaranteed right to due process and equal treatment.

Donald also respectfully points out to the court the likelihood that the Secretary's policy of restricting veteran litigation with the Board to mail only has **violated the constitutional rights of a significant number of veterans over the past twenty-seven years and continues to do so.**

To deny Donald the constitutional rights and freedoms Donald would have risked his life and perhaps lose his life protecting for over a quarter century is an affront to every veteran alive today and those veterans no longer with us.

## Jurisdiction

This Court has jurisdiction over this appeal according to 28 U.S.C. §1651 and 28 U.S.C. §1361, which conveys jurisdiction to the U.S. Court District Court to hear a request for a Writ of Mandamus and other orders.

## Grounds for Writ of Mandamus and Other Findings and Orders

**Failure To Act** - Despite Donald's five requests to appear before the Board to plead his case, the defendant refused to permit him to exercise his legal right to due process and equal treatment under the law.

**Clear Legal Right** – Donald's right to appear before the Board is bestowed upon him and other veterans by the United States Constitution and federal law.

**Ministerial Duties** – Permitting Donald to appear before and address the Board is ministerial and requires no exercise of discretion on defendants' part.

**Abuse of Discretion** – Defendants' policy regarding appearances before the Board by veteran applicants is arbitrary, capricious, and contrary to law.

**Public Importance or Emergency** – Defendants' disregard for the United States Constitution and federal law has a profoundly unlawful effect on veteran applicants to the Board.

Every veteran applicant to the Board should be advised reasonably well in advance of the meeting as to the date and time the entire Board or three-person panel will meet to discuss and decide the veteran applicant's case. At that time, the veteran applicant should be advised of his or her right to appear at the meeting to give testimony, answer questions, ask questions, and provide additional evidence to the Board or panel in person, telephonically, or through Internet live video. It has been Donald's experience on five separate occasions that such a procedure is not employed by the Board or required by the Secretary.

## Certificate Of Interested Persons

Donald herein certifies that he is not aware of any interested persons or entities that have an interest in the outcome of this case.

## Background

Donald, a retired Navy Chief Warrant Officer Three, petitioned the Board on November 3, 2020, for the correction of an injustice to his military record.[1]

---

[1] 10 USC §1552

Donald's Petition was denied and his numerous requests for reconsideration over the past four years seem to have fallen on deaf ears.

Despite the many requests submitted to them, the Secretary and the Board did not respond to Donald's challenges to the Board's decision to deny his Petition.

Because the Board's lack of a meaningful response to Donald's numerous rebuttals causes Donald to believe that the Board is having difficulty comprehending the legal aspects of his rebuttals, Donald desires to exercise his right under the law to appear at his expense before the Board and the Secretary in the offices of the Secretary in Washington, D.C. sometime during the first three weeks of July 2024. The exact date and time for the meeting to be arranged between Donald and the Secretary.

Donald requests a personal appearance during the above-specified time frame so that his appearance will coincide with his visit to see relatives in Boston. Any other time would require that Donald travel from his residence in California to Washington, D.C., and at a much greater cost, to meet with the Secretary and the Board.

Donald has requested the aforementioned personal appearance five times and has been <u>denied a personal appearance every time</u>.

In an e-mail to Donald dated April 5, 2024, the Board of Correction of Naval Records, Deputy Director wrote that "the Board determined that your personal appearance, with or without counsel, would not add to their understanding of the issues involved. Therefore, the Board determined that a personal appearance was not necessary and considered your case based on the evidence of record."

It seems that the Board has a crystal ball from which they are given advance notice of what Donald and his attorney are going to say at the requested hearing, what testimony they will provide at the hearing, the witnesses they may examine or cross-examine, and what evidence they will offer in support of the issues.

It also seems that the Board does not desire the additional work involved with a formal hearing – complete with witnesses, evidence, and testimony.

Donald herein charges that the Secretary and all of his subordinates associated with the Board of Correction of Naval Records have established a dictatorial agency within the Department of Defense and the Department of the Navy similar to what one would expect to find in the North Korean military.

**Law and Regulations**

The correction of military records by each service and the Department of Homeland Security is authorized by Congress and the President of the United States[2]

Among other relevant facts stated in Title 10 – Armed Forces, Subtitle A, Part II, Chapter 79 – Correction of Military Records the statute states that:

Board of Correction of Naval Records procedures must be approved by the Secretary of Defense;

A request for reconsideration of a Board of Correction of Naval Records previous decision may be submitted to the Board of Correction of Naval Records at any time;

The Secretary of the Navy may pay Donald for loss of pay, allowances, compensation, emoluments, or other pecuniary benefits;

The Board of Correction of Naval Records is to review claims with liberal consideration to the claimant;

The veteran's application for a correction is to be completed and finalized within ten months of its receipt by the Board of Correction of Naval Records; and

The Secretary of the Navy must develop and implement a comprehensive training curriculum addressing all areas of administrative law as the law applies to

---

[2] 10 USC1552

the procedures applicable to the Board of Correction of Naval Records, with such training repeated every five years of assignment to the Board of Correction of Naval Records.

The Secretary of the Navy is authorized to ensure that an involuntarily board retired person receives the appropriate relief;[3] that the person is restored to the same status with the same rights and entitlements as the person would have had if the person had not been involuntary board retired, including all back pay and allowances;[4]

The Board of Correction of Naval Records staff includes one full-time, permanent attorney and one full-time permanent physician to be assigned duties as advisors to the Board of Correction of Naval Records executive director, the director, and other staff members on legal and medical matters; and defines the Board of Correction of Naval Records as a "service review agency.

The Navy instruction authored by the Secretary of the Navy and entitled *Board of Correction of Naval Records,* and issued by the Secretary of the Navy[5] states that "In each case in which the (Board of Correction of Naval Records)

---

[3] Donald was involuntarily retired from active duty on July 31, 1993 with 24 years and 4 months of active duty.
[4] Donald has requested retirement at the rank of Commander (O-5) with credit for 30 years of active duty.30
[5] SECNAVIST 5420.193

8

determines a hearing is warranted, the applicant will be entitled to appear before the (Board of Correction of Naval Records) either in person or by counsel of his or her selection or in person with counsel."

In the aforementioned instruction, the Secretary unlawfully and under color of authority provides the Board the unlawful sole, final, and unappealable authority to determine if a veteran applicant will receive a hearing before the members of the entire Board, and thus; the Board has the power to deny the veteran applicant his or her constitutional right to due process and constitutional right to equal treatment.

The Board as an agency comes under the oversight of the *Administrative Procedures Act*[6] which states that: "[E]very party shall be accorded the right to appear in person or by or with counsel or another duly qualified representative in any agency proceeding." In the instant case, Donald asks to present his Request for Reconsideration to the Board in person during a formal hearing – Donald's request for reconsideration of the Board's decision is a "proceeding."[7]

The *Administrative Procedures Act* also states that; "[A] party is entitled to present his/her case or defense by oral or documentary evidence, to submit rebuttal

---

[6] 5 USC §§551-559

[7] "[T]he term also refers to administrative hearings before agencies, tribunals, bureaus, or the like. (Black's Law Dictionary with Pronounciations, Sixth Ed. P. 1204.

evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts. Donald cannot possibly or effectively call witnesses for testimony, cross-examine witnesses, submit rebuttal evidence, and effectively produce a full disclosure of the facts exclusively by mail as the Secretary demands

## Argument

Section four of the Secretary's Board of Correction of Naval Records gauntlet instruction directs that the Board must first consider the veteran's request for a personal appearance to be "warranted" before the Board will "authorize" a veteran's personal appearance before the Board.[8]

In the aforementioned twenty-seven-year-old instruction governing Board procedures, the Secretary fails to direct and order that the Board inform veteran applicants information concerning the means and process to appeal the Board's decision to refuse the veteran applicant a personal appearance before the Board

In passing the *Administrative Procedures Act* into law. Congress and the Commander in Chief gave Donald the right to appear before the Board to argue his position – **the Secretary overruled Congress and the Commander in Chief** and

---

[8] SECNAVINST 5420.193 Novemeber 19, 1997

unlawfully denied Donald, and undoubtedly many other veterans, the lawful right to appear before the Board to present their case.

When Donald initially applied to the Board for a correction to his military service record and with each of his four requests for reconsideration of the Board's decision in the original request, Donald filled out the required *Application For Correction of Military Record Under The Provisions Of Title 10, U.S. Code, Section 1552*. In block 10 of this form, **Donald checked the block each time indicating that he desired to appear before the Board** at his expense to present his case. Nonetheless, each time the Board ignored and thus denied Donald's request to personally appear before the Board.

Before meeting to adjudicate and decide on Donald's initial request for a correction to his naval record, the Board unlawfully failed to notify Donald concerning the date and time the Board would meet to discuss Donald's initial request and also invite Donald to appear in person before the Board as requested on Donald's application to the Board.

In each of Donald's four individual requests for the Board to reconsider the Board's initial decision, the Board followed the same unconstitutional and unlawful script to deny Donald a personal appearance before the Board.

That the Secretary of the United States Navy, a retired Naval officer, would deny Navy and Marine Corps veterans their Fifth Amendment and Fourteenth Amendment rights to enjoy due process and equal treatment under the law is abhorrent.

### Violations of the Administrative Procedures Act; the Direct Orders of the Commander-In-Chief; and the Uniform Code of Military Justice by the Secretary.

In the Administrative Procedures Act, both Congress and the Commander-In-Chief require and thus order that Donald "be accorded the right to appear in person or by or with counsel or another duly qualified representative in any agency proceeding."

Donald requested an appearance before the Board to argue his position on five different occasions – his initial request for correction of injustice and as part of four requests for reconsideration of the Board's initial decision. On each of these five requests to the Secretary and the Board, time, the Secretary the Board refused Donald an appearance before the Board. <u>These five acts of professional negligence on the part of the Secretary violated Donald's constitutional rights to due process and equal treatment; the lawful requirements of the  Administrative Procedures Act of Congress; and a direct order from the President and Commander-In-Chief.</u>

As a retired naval officer, the Secretary is duty-bound by the Uniform Code of Military Justice.[9]

In *Solesbee v. Balkcom*, Justice Frankfurter wrote; " Due process is violated if a practice or rule offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." [*Solesbee v. Balkcom, 339 U.S. 9, 16 (1950).*]

Donald's right to due process and equal treatment has been a part of the United States Constitution for over three hundred years.

In San *Antonio Independent School District v. Rodriguez*, the court wrote that "due process of law is a constitutional guarantee that all legal proceedings will be fair and that one will be given notice of the proceedings and an opportunity to be heard." [*San Antonio Independent School District V. Rodriguez, 411 U.S. 1 (1973).*]

"[W]hile the Fourteenth Amendment applies only to the states, courts have determined that **equal protection principles implicitly apply to the federal government as well**. (*Equal Protection Supreme Court Cases: Justia U.S. Supreme Court.*)

---

[9] See Memorandum of Points and Authorties filed with the court with this document.

13

Donald believes and suggests to the court that the Secretary's policy to deny personal appearances is grounded on a selfish desire to make the work of adjudicating a veteran's application for a service record error or injustice easier and more streamlined for the Board.

### Request For Findings

Donald respectfully requests the Court find that:

- Defendants on five occasions refused and/or ignored Donald's request to appear at his expense to plead his case before a meeting of the Board of Correction of Naval Records;

- Defendants on five occasions denied Donald his constitutional right to due process and equal treatment under the law;

- Defendants on five occasions violated Donald's civil rights by denying Donald due process and equal treatment under the law;

- Donald is entitled to a reconsideration hearing before the full board that will include witnesses of Donald's choosing, witness testimony, questions to the Board members, cross-examination, and new evidence;

- Donald is entitled to receive the Board's recommendations and the Secretary's approval of those recommendations no later than twenty-four hours after Donald's appearance before the Board; and

- Any other findings the Court believes to be just and reasonable.

## Prayer

Donald requests that the Court:

Issue an order in the form of a Writ of Mandamus directing the Secretary to comply with the law and provide Donald with a personal appearance before the **entire Board of Correction of Naval Records** as requested herein and during the time requested herein;

Issue an order that the Secretary of the Navy must be present at Donald's entire hearing with any substitute to be approved by Donald;

Due to the medical and legal complexities involved in Donald's presentation to the Board, issue an order that in addition to all of the Board members, the Secretary is to require that a Navy psychiatrist, a Navy Judge Advocate General attorney, and the Director of the local Navy Drugs and Alcohol Rehabilitation Unit be present during and throughout Donald's appearance before the Board to serve as Donald's expert witnesses;

Issue an order that the Secretary is to provide a court reporter and a transcript of the hearing;

Issue an order that the Secretary is to provide a person authorized and qualified to swear witness and others as necessary under oath;

Issue and order that the parties are to be seated at tables facing each other with neither side looking down on the other and that no one portrays themselves as the "Judge"

Issue an order that in days leading up to a July hearing both sides are to enter into serious settlement negotiations no later than seventy-two hours after service and receipt of this document.

Respectfully submitted

*Donald W. Park*