UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-844-KK-SPx** | Date: | May 24, 2024 |
| Title: | *Donald W. Park v. United States, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

On April 22, 2024, plaintiff Donald W. Park ("Plaintiff"), proceeding pro se, filed the instant Petition for Writ of Mandamus ("Petition"). ECF Docket No. ("Dkt.") 1. Plaintiff seeks an order requiring defendant United States Secretary of the Navy Carlos Del Toro ("Defendant") to provide Plaintiff with an opportunity to appear at an in-person hearing before the Board for Correction of Naval Records. Id.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Id.

A district court has jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus relief is only available when "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Johnson v. Reilly, 349 F.3d 1149, 1154 (9th Cir. 2003) (internal brackets omitted). If the defendant officer does not have a "nondiscretionary duty" to act, mandamus relief is unavailable, and dismissal for lack of jurisdiction is appropriate. See Stang v. IRS, 788 F.2d 564, 565-66 (9th Cir. 1986) (affirming dismissal for lack of subject matter jurisdiction where defendant officer lacked nondiscretionary duty to act).

      Here, Defendant does not have a nondiscretionary duty to provide Plaintiff with an in-person hearing before the Board for Correction of Naval Records ("Board").  Pursuant to the applicable federal regulations, when an application for correction is submitted to the Board and accepted for consideration, a three-member panel reviews the application "to determine whether to authorize a hearing, recommend that the records be corrected without a hearing, or to deny the application without a hearing."  32 C.F.R. § 723.3(e)(1).  "When an original application or a request for further consideration of a previously denied application is denied without a hearing, the Board's determination shall be made in writing and include a brief statement of the grounds for denial."  32 C.F.R. § 723.3(e)(3).  The Board, thus, has discretionary power to deny an application without providing the applicant with a hearing.  Hence, mandamus relief is unavailable, and dismissal for lack of jurisdiction appears to be appropriate.  See Stang, 788 F.2d at 566.

      Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file a response to this Order **no later than June 7, 2024**.

      **Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for lack of subject matter jurisdiction and/or failure to prosecute and comply with court orders.  See Arbaugh, 546 U.S. at 514; FED. R. CIV. P. 41(b).**

      **IT IS SO ORDERED.**