JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-844-KK-SPx** | Date: | June 27, 2024 |
| Title: | *Donald W. Park v. United States, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Dismissing Action for Lack of Subject Matter Jurisdiction

**I.
BACKGROUND**

On April 22, 2024, plaintiff Donald W. Park ("Plaintiff"), proceeding pro se, filed the instant Petition for Writ of Mandamus. ECF Docket No. ("Dkt.") 1. Plaintiff seeks an order requiring defendant United States Secretary of the Navy, Carlos Del Toro ("Defendant"), to provide Plaintiff with an opportunity to appear at an in-person hearing before the Board for Correction of Naval Records. Id.

On May 24, 2024, the Court issued an Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. 13. On June 6, 2024, Plaintiff filed a response to the Court's May 24, 2024 Order to Show Cause. Dkts. 14-15.

**II.
DISCUSSION**

**A.   APPLICABLE LAW**

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546

U.S. 500, 514 (2006).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."  Id.

A district court has jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, mandamus relief is only available when "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  Johnson v. Reilly, 349 F.3d 1149, 1154 (9th Cir. 2003) (internal brackets omitted).  If the defendant officer does not have a "nondiscretionary duty" to act, mandamus relief is unavailable, and dismissal for lack of jurisdiction is appropriate.  See Stang v. IRS, 788 F.2d 564, 565-66 (9th Cir. 1986) (affirming dismissal for lack of subject matter jurisdiction where defendant officer lacked nondiscretionary duty to act).

**B.     ANALYSIS**

Here, Defendant does not have a nondiscretionary duty to provide Plaintiff with an in-person hearing before the Board for Correction of Naval Records ("Board").  Hence, the Court lacks mandamus jurisdiction over this action.  See Stang, 788 F.2d at 565-66.

Pursuant to 10 U.S.C § 1552(a)(1) ("Section 1552"), "[t]he Secretary of a military department may correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice."  "[S]uch corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department[,]" under "procedures established by the Secretary concerned."  10 U.S.C §§ 1552(a)(1), (3).  Under the Department of the Navy's Procedures for the Board for Correction of Naval Records, when an application for correction is submitted to the Board and accepted for consideration, a three-member panel reviews the application "to determine whether to authorize a hearing, recommend that the records be corrected without a hearing, or to deny the application without a hearing."  32 C.F.R. § 723.3(e)(1); see also 62 Fed. Reg. 8166-70 (Feb. 24, 1997).  "When an original application or a request for further consideration of a previously denied application is denied without a hearing, the Board's determination shall be made in writing and include a brief statement of the grounds for denial."  32 C.F.R. § 723.3(e)(3).

Plaintiff argues "[t]he word 'board' in [Section] 1552[] suggests that Congress envisioned a formal process during which Plaintiff would . . . be permitted to personally appear and produce evidence and witness testimony[.]"  Dkt. 14 at 10.  However, Section 1552 contains no language requiring an applicant for correction of military records be provided with a hearing.  See 10 U.S.C § 1552; see also Burns v. Marsh, 820 F.2d 1108, 1110 (9th Cir. 1987) (holding a board's decision regarding whether to hold a hearing under 10 U.S.C. § 1552(a) is "discretionary").  Rather, Section 1552 authorizes "the Secretary concerned" to prescribe procedures for the correction of military records.  10 U.S.C § 1552(a)(3).  Here, the relevant procedures permit the Board to deny an application without holding a hearing.  See 32 C.F.R. §§ 723.3(e)(1), (3); see also Mahoney v. Del Toro, 99 F.4th 25, 38 n.10 (1st Cir. 2024) (holding the Board is not required to hold a hearing on a request for correction of Naval records).

Accordingly, because the Board does not have a nondiscretionary duty to hold a hearing on Plaintiff's application, Plaintiff's requested mandamus relief is unavailable, and dismissal for lack of jurisdiction is appropriate.  See Stang, 788 F.2d at 566.

## III.
## CONCLUSION

For the reasons set forth above, the instant action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and Plaintiff's Motion in Support of Request for Writ of Mandamus, dkt. 11, is **DENIED AS MOOT**.  (JS-6)

**IT IS SO ORDERED.**